UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC BERNARD GIPSON (#377719)

VERSUS                                              CIVIL ACTION

HOWARD PRINCE, ET AL                                NUMBER 10-508-FJP-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 8, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC BERNARD GIPSON (#377719)

VERSUS                                          CIVIL ACTION

HOWARD PRINCE, ET AL                            NUMBER 10-508-FJP-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Partial Summary Judgment filed on behalf of defendants Howard Prince, Carolyn Chestnut and Dr. Johnny Prejean. Record document number 9. The motion is not opposed.[1]

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, MSgt. Carolyn Chestnut, Dr. Johnny Prejean, Asst. Warden Hall, Lt. Woods and MSgt. Richardson. Plaintiff alleged that he was burned while performing his work assignment and was denied adequate medical treatment in violation of his constitutional rights.

Warden Prince, MSgt. Chestnut and Dr. Prejean moved for summary judgment relying on a statement of undisputed facts, the affidavits of Dr. Prejean and MSgt. Chestnut, copies of the plaintiff's medical and mental health records, copies of

---

[1] Record document number 33.

photographs of the Unit D2 kitchen, copies of the plaintiff's training record and master prison record, copies of disciplinary and warden's unusual occurrence and investigative reports regarding the May 4, 2009 incident, and the results of the Administrative Remedy Procedure (ARP) EHCC-2009-543.[2]

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that on May 4, 2009, while working in the Unit D2 kitchen, he was severely burned when a container filled with boiling water spilled on him. Plaintiff alleged that at the time of the accident the hot water line in the kitchen was out of order. Plaintiff alleged that Lt. Wood, MSgt. Richardson and MSgt. Chestnut permitted prisoners assigned to the kitchen to fill a trash container with boiling water. Plaintiff alleged that the container of hot water spilled on him causing second and third degree burns on his hand, arm, hip and leg.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's

---

[2] Asst. Warden Hall, MSgt. Richardson and Lt. Woods were not served with the summons and complaint and did not participate in the defendants' motion for summary judgment.

2

health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id.*

The summary judgment evidence showed that on the day of the accident the plaintiff filled a 60 gallon plastic garbage container with hot water from a cook pot in the kitchen.[3]  While attempting to move the garbage container to the kitchen scullery area the garbage container collapsed, splashing hot water on the plaintiff and spilling water on the floor.[4]  Plaintiff slipped and fell in the hot water causing serious burns to his body.[5]  At the time of the accident, MSgt. Chestnut was the only correctional officer assigned to the kitchen.[6]  Plaintiff told investigators that MSgt. Chestnut did not know that he was filling the garbage container with hot water to soak baking pans.[7]  The summary judgment evidence

---

[3] Defendants exhibit B, Investigative report of Assistant Warden Lawrence H. Hall, record document number 10-1, pp. 7-8.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

showed that at the time of the accident warm water was available in the wash sinks.[8]

There is no evidence in the record that the defendants knew that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.

Plaintiff alleged that following the accident he was examined by Dr. Prejean and was admitted to the 24 Hour Unit at the prison instead of being transported to a burn unit at an outside hospital facility.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, *supra*; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Plaintiff's medical records showed that following the

---

[8] *Id.*

accident, he was transported to the prison infirmary where he was admitted to the 24 Hour Unit.[9] Plaintiff was administered saline and medication to reduce pain and inflamation.[10] Plaintiff was referred to Dr. Prejean for debridement.[11] Dr. Prejean examined the plaintiff on May 5 and determined that the plaintiff had stabilized and his vital signs were intact.[12] He estimated that the plaintiff sustained second degree burns to 10 percent or less of his body, including burns to his right thumb, left wrist, left thumb, left palm, left upper thigh and left lower leg, with no neurovascular damage.[13] Dr. Prejean implemented a treatment plan which included pain medication, antibiotics and anti-inflammatory medication.[14] Plaintiff was admitted to the isolation unit where he underwent daily wound care and was prescribed pain medication.[15] On May 6, Dr. Prejean referred the plaintiff to the surgery clinic at Earl K. Long Hospital for a second opinion. Plaintiff remained in the 24

---

[9] Defendants exhibit G.

[10] *Id.*

[11] Defendants exhibit M, affidavit of Dr. Prejean.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

Hour Unit until he was discharged on May 27.[16]  While confined in the 24 Hour Unit the plaintiff was prescribed pain medication, antibiotics, anti-inflammatory medication, dressing changes and instructions on extending his hand and fingers.[17]  After the plaintiff was discharged from the 24 Hour Unit he was placed on bed rest for one week and was given a medical duty status to be permitted to bathe each morning, go to the infirmary for wound care and exercise with a ball.[18]

On June 1, the plaintiff was examined at the Earl K. Long surgery clinic.[19]  No additional treatment was ordered.[20]  On June 4, the plaintiff was evaluated at the Louisiana State University Health Sciences Center Regional Burn Center in Shreveport, Louisiana.[21]  Plaintiff's left arm was treated with Scarlett Red® and he was instructed on hand therapy and active range of motion exercises for his wrist.[22]  Plaintiff continued to receive dressing

---

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

changes until his injuries were healed.[23]  Plaintiff was ordered a six-month supply of coca butter and follow-up medical appointments.[24]

There is no evidence in the record that the defendants were deliberately indifferent to the plaintiff's serious medical needs.  Defendants are entitled to summary judgment as a matter of law.

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial.  It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment.  *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and the claims against defendants Howard Prince, Carolyn Chestnut and Dr. Johnny Prejean be dismissed.

Baton Rouge, Louisiana, November 8, 2010.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[23] *Id.*

[24] *Id.*