UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC BERNARD GIPSON (#377719)

VERSUS                                          CIVIL ACTION

HOWARD PRINCE, ET AL                            NUMBER 10-508-FJP-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 18, 2011.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC BERNARD GIPSON (#377719)

VERSUS                                  CIVIL ACTION

HOWARD PRINCE, ET AL                 NUMBER 10-508-FJP-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, MSgt. Carolyn Chestnut, Dr. Johnny Prejean, Asst. Warden Hall, Lt. Woods and MSgt. Richardson. Plaintiff alleged that he was burned while performing his work assignment and was denied adequate medical treatment in violation of his constitutional rights. On December 1, 2010, the claims against Warden Prince, MSgt. Chestnut and Dr. Prejean were dismissed.[1]

A review of the record showed that defendants Asst. Warden Hall, Lt. Woods and MSgt. Richardson have not been served with a summons and the complaint and the time to serve them, as provided by Rule 4(m), Fed.R.Civ.P., has expired.

On December 14, 2010, the plaintiff was ordered to show cause why the complaint should not be dismissed for failure to serve the defendants pursuant to Rule 4(m), Fed.R.Civ.P. Plaintiff did not

---

[1] Record document number 30.

file any response to the show cause order.

These defendants have not filed an answer or other responsive pleading, or otherwise made an appearance in this case, and the record contains no evidence that they defendants have been served with a summons and complaint.

Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff bears the burden of showing good cause for failure to effect timely service.[2] Plaintiff has not served the defendants within the time allowed under Rule 4(m), nor has he demonstrated good cause for failing to do so.

Even without a showing of good cause, the court may exercise its discretion to extend the time for service. However, a review of the record does not support such an extension.

## RECOMMENDATION

It is the recommendation of the magistrate judge the plaintiff's claims against defendants Asst. Warden Hall, Lt. Woods

---

[2] To establish good cause, a plaintiff must demonstrate at least as much as would be required to show excusable neglect, and simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. *Lindsey v. United States Railroad Retirement*, 101 F.3d 444, 446 (5th Cir. 1996).

and MSgt. Richardson be dismissed, without prejudice, pursuant to Rule 4(m).

Baton Rouge, Louisiana, January 18, 2011.

*signature*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE